IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHUONG DONG DUONG                                          PETITIONER

VS.                                    CIVIL ACTION NO. 3:13cv1082-DPJ-FKB

WARDEN N. MARTIN                                          RESPONDENT


**<u>REPORT AND RECOMMENDATION</u>**


This cause is before the Court on the petition for writ of habeas corpus pursuant to
28 U.S.C. § 2241 and for other relief filed by Phuong Dong Duong, a federal prisoner.
Having considered the petition, response, and reply, the undersigned recommends that
the petition be dismissed with prejudice.

Phuong Dong Duong is a federal inmate serving a 66-month term of imprisonment
imposed by the United States District Court for the Western District of Washington on
February 5, 2010, for distribution of MDMA/Ecstasy.  Since May of 2012, he has been
incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  The present
action began with Duong's filing of a petition for a writ of mandamus in the United States
District Court for the Western District of Washington, the court of his conviction and
sentence, naming Homeland Security and Immigration Naturalization Services as
respondents.  The focus of that petition was an immigration detainer lodged against
Duong on July 27, 2012.  The detainer states as its basis the initiation of an investigation
to determine whether Duong, who is a Vietnamese national, is subject to deportation upon
release from prison.  In the petition, Duong alleged that because of the detainer, prison
officials have not allowed him to participate in drug rehabilitation or vocational programs.

He argued that he is not subject to deportation and sought an order directing Homeland Security to hold his deportation hearing immediately, so that he could be adjudicated nondeportable and have the detainer removed.  Duong also sought an order directing the Bureau of Prisons (BOP) to release the detainer, although neither the BOP nor any of its officials were named as respondents in the petition.

The district court in Washington construed the petition as a habeas petition under 28 U.S.C. § 2241 and transferred it to this court, where Duong was ordered to substitute his custodian as the respondent and to state whether he had exhausted his administrative remedies.  In response, Duong filed a memorandum characterizing his action as one brought pursuant to § 2241 and detailing his exhaustion attempts.   In addition to the assertions in his original petition, the memorandum contains an allegation that the prison's refusal to allow him to participate in rehabilitative or vocational programs constitutes racial discrimination.  The Warden has filed a response to the petition and memorandum, and Duong has filed a reply.  Having considered all of the arguments of the parties, the undersigned concludes that Duong has failed to establish that he is entitled to any relief.

*The INS Detainer and the RDAP Program.*  Eligible federal prisoners with substance abuse problems may receive treatment under the BOP's Residential Drug Abuse Program (RDAP).  As an incentive for treatment, under the Second Chance Act of 2007, the BOP may reduce by up to one year the period of custody for an inmate who successfully completes the program. 18 U.S.C. § 3621(e)(2)(B).   Participation in community-based treatment while living in a halfway house or residential reentry center (RRC) is a requirement of the program.  28 C.F.R. §§ 550.52(a)(3) and 550.56(a).  A

2

halfway house or RRC is considered a minimum security facility; therefore, an inmate who cannot be housed in a minimum security facility is ineligible for RDAP.  Because of Duong's immigration status, and, particularly, the detainer, the BOP has assigned to Duong a Public Safety Factor (PSF) of "Deportable Alien,"[1] a designation that requires that he be housed in an institution with a security level of no less than Low.[2]   Thus, Duong has been deemed ineligible for RDAP and its early release program.

Duong argues that the application to him of the PSF of Deportable Alien is in error. According to Duong, Vietnamese citizens who arrived in the United States prior to July 12, 1995, may not be deported, as there is no repatriation treaty covering them.[3]   Duong states that because he entered the United States in 1992, he is not subject to deportation. But whether or not Duong is deportable is not the issue before this court.   In order to obtain habeas relief, Duong must establish that he is being held "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Duong can show no such violation.  He has no constitutional right to participate in RDAP and earn early release.  *See Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (a prisoner has no constitutional right to participate in rehabilitation programs); *Creager v. Chapman*,

---

[1]The BOP uses a system of Public Safety Factors as an aid to determine the level of security necessary for a particular inmate in order to insure the public's protection.  *See* BOP Program Statement 5100.08, Ch. 5, pp. 8–11.

[2]BOP institutions are classified into one of five security levels: Minimum, Low, Medium, High, and Administrative.  *See* BOP Program Statement 5100.08, Ch. 1, p. 1.

[3]Under the 2008 repatriation agreement between the United States and Vietnam, Vietnam accepts deportees who arrived in the United States on or after July 12, 1995.

3

2010 WL 1062610, *3 (N.D. Tex. March 22, 2010) (Second Chance Act creates no constitutionally-protected interest in RRC placement).  Neither is any constitutional interest implicated by Duong's security classification.  *See Sandin v.* Conner, 515 U.S. 472, 486 (1995).  Accordingly, he is not entitled to relief under § 2241.[4]

Duong has also asserted a claim based upon the prison's refusal to allow him to participate in a vocational program.  Participation in an educational or vocational program would have no effect on Duong's release date; nor does this claim concern in any way the validity or the execution of his sentence.  Thus, it is not appropriate for relief under 2241, which provides a remedy for challenging the fact or duration of confinement, not prison conditions or procedures.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).  In any case, as stated previously, Duong has no constitutional right to participate in such programs.

To the extent that Duong is claiming an equal protection violation, this claim is likewise wholly without merit.  Duong has failed to provide any support for his conclusory statement that he has been excluded from drug treatment and vocational programs because of his race.

Duong's initial filing in this case was a petition for a writ of mandamus.  To the

---

[4]Furthermore, it appears that Duong meets the BOP's definition of deportable alien, which is simply an inmate "who is not a citizen of the United States."  The program statement goes on to state that the PSF will not be applied, or will be removed, if ICE or the Executive Office for Immigration Review determines that deportation proceedings are unwarranted or if "there is a finding not to deport at the completion of deportation proceedings." BOP Program Statement 5100.08, Ch. 1, p. 11.

extent that he still seeks this relief, it is unavailable.  In order to obtain a writ of

mandamus, a petition must show (1) a clear right to the relief, (2) a clear duty by the

respondent to act, and (3) the lack of any other available remedy.  *Smith v. North La.*

*Med. Review Ass'n*, 735 F.2d 168, 172 (5th Cir. 1984).  Duong has failed to show any right

to relief or any duty on the part of the current or previous respondents.

 For these reasons, the undersigned recommends that relief be denied and that

Duong's petition be dismissed with prejudice.  The parties are hereby notified that failure

to file written objections to the proposed findings, conclusions, and recommendation

contained within this report and recommendation within fourteen (14) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking

on appeal the proposed factual findings and legal conclusions accepted by the district

court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 Respectfully submitted, this the 7th day of April, 2014.

     /s/ F. Keith Ball

     _____

     UNITED STATES MAGISTRATE JUDGE